UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

A.M.S., *et al.*,
    Plaintiffs,

vs.

JULIAN T. STEELE, *et al.*,
    Defendants.

Case No. 1:11-cv-298

Dlott, J.
Litkovitz, M.J.

**ORDER**

This civil matter is before the Court on plaintiffs' response to this Court's May 9, 2012 order to show cause why defendant Julian T. Steele should not be dismissed without prejudice due to plaintiffs' failure to comply with the process regarding serving summons and complaints pursuant to Fed. R. Civ. P. 4. (Doc. 24). For the following reasons, the Court finds that plaintiffs' claims against defendant Steele should not be dismissed.

In connection with their response, plaintiffs filed proof of service that defendant Steele was served with a summons on August 22, 2011. (Doc. 24, Ex. 1). Plaintiffs acknowledge that this service was four days beyond the 120 day time limit for service provided by Fed. R. Civ. P. 4(m) and have provided no reason for the delay. However, plaintiffs contend that this delay was insignificant and that they would be severely prejudiced if defendant Steele was dismissed as the applicable statutes of limitations would bar them from refiling their claims. Consequently, plaintiffs request that the Court permit the late service despite the lack of a good cause showing.

The relevant portion of Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The first part of this Rule signifies that where a plaintiff fails to comply

with the 120-day time limit for serving a summons and complaint, the district court shall either dismiss the action without prejudice *or* order the party to effect service within a time certain. The second part of the Rule provides that where a plaintiff demonstrates good cause, the district court no longer has discretion and *shall* extend the time for effecting service. The Advisory Committee notes support this interpretation:

> The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision *even if there is no good cause shown* . . . . Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action . . . .

Advisory Committee Notes on Fed. R. Civ. P. 4(m) (emphasis added). Accordingly, "good cause no longer stands as an absolute prerequisite to extending the time for obtaining proper service. Rather, [a number of federal courts of appeals] have determined that Rule 4(m) provides a district court with the discretion to extend the time for service of process even without a showing of good cause." *Osborne v. First Union Nat. Bank of Delaware*, 217 F.R.D. 405, 417 (S.D. Ohio 2003) (citing *Petrucelli v. Bohringer & Ratzinger,* 46 F.3d 1298, 1305 (3d Cir. 1995); *Davies v. Richards*, No. 95-1374, 1999 WL 26913 (4th Cir. 1999); *Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir. 1996); *Panaras v. Liquid Carbonic Industries Corp.,* 94 F.3d 338, 340–341 (7th Cir. 1996); *Adams v. AlliedSignal Gen. Aviation Avionics,* 74 F.3d 882, 887 (8th Cir. 1996); *DeTie v. Orange County,* 152 F.3d 1109, 1111 n. 5 (9th Cir. 1998); *Espinoza v. United States,* 52 F.3d 838, 840–841 (10th Cir. 1995)). In an unpublished opinion, the Sixth Circuit stated that in the absence of a plaintiff's showing of good cause for failure to serve within the requisite time period, "the court must either (1) dismiss the action or (2) direct that service be effected within a specified time. In other words, the court has discretion to permit late service even absent a showing of good cause." *Stewart v. Tennessee Valley Authority*, No. 99-5723, 2000 WL

1785749, at * 1 (6th Cir. Nov. 21, 2000) (citing *Henderson v. U.S.*, 517 U.S. 654, 662 (1996)).[1]

In this case, given the minimal delay of service beyond the 120 day time limit set forth in Rule 4(m) and the statute of limitations bar facing plaintiffs if the complaint against defendant Steele is dismissed, the undersigned exercises discretion to permit late service against defendant Steele.

**IT IS SO ORDERED.**

Date: 5/31/12

Karen L. Litkovitz
United States Magistrate Judge

---

[1] The Sixth Circuit has also issued rulings in other recent unreported decisions in which it "has repeated its prior statement that, in the absence of a showing of good cause, failure to timely serve a defendant mandates dismissal. *Harris v. City of Cleveland,* 7 F. App'x 452 (6th Cir. Mar. 26, 2001); *Moore v. Nesbitt,* No. 95-6690, 1997 WL 52917 (6th Cir. Feb. 7, 1997); *Clemons v. Soeltner,* 62 F. App'x 81 (Mar. 26, 2003). The Court notes that the *Moore* and *Clemons* courts cited to *Moncrief v. Stone,* 961 F.2d 595, 596 (6th Cir. 1992), a case which was decided prior to the 1993 amendments to Rule 4. In addition, the *Harris* court cited to *Habib* [v. *General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994) which] applied the former Rule 4(j). Accordingly, the Court finds these decisions to be less persuasive." *Osborne,* 217 F.R.D. at 408, n.1.